UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:01-cr-421-T-23EAJ
              8:12-cv-1456-T-23EAJ

STEVEN M. JOHNSON
_____/

**O R D E R**

Johnson moves to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1). Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). The motion to vacate is time-barred.

In 2002 Johnson pleaded guilty to conspiracy to possess with the intent to distribute more than fifty grams of cocaine base, for which he was sentenced to one hundred months imprisonment and thirty-six months supervised release. (Doc. 84) In 2008 Johnson successfully moved to reduce his sentence under 18 U.S.C. §3582(c)(2) when the cocaine base sentencing guidelines were revised. Johnson's sentence was reduced to time served plus ten days. (Doc. 135) Johnson served half of the term of supervised release, which was revoked because Johnson was arrested for trafficking in oxycodone pills. (Doc. 143) On April 22, 2011, Johnson was sentenced to twenty-four months imprisonment and thirty-six months supervised release. Because Johnson filed no appeal, the judgment became final on May 6, 2011. Rule 4(b)(1), Fed. R. App. Pro.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f).

Because his conviction was final on May 6, 2011, Johnson's limitation expired one year later,[2] on May 7, 2012. Under the mailbox rule, Johnson's motion to vacate

---

[2] One year from finality was May 6, 2012, which was a Sunday. Rule 45(a)(1)(C) extends the deadline to "the next day that is not a Saturday, Sunday, or legal holiday." As a consequence, the deadline was extended until Monday, May 7, 2012.

is considered filed as of June 27, 2012.³  Because the motion was filed approximately six weeks too late, Johnson's motion to vacate is time-barred.

Recognizing the limitation bar and citing *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), Johnson argues for a delayed start of the limitation.  His argument lacks merit.

*Carachuri-Rosendo* involves a defendant who sought discretionary cancellation of removal under the Immigration and Nationality Act ("INA").  Carachuri-Rosendo argued that neither of his earlier state convictions qualified as an "aggravated felony" under the INA.  Carachuri-Rosendo had two prior simple-possession misdemeanor drug convictions from Texas, for which he was sentenced to the county jail for twenty days and ten days, respectively.  The second offense was not enhanced to a felony (although an enhancement was permitted under state law) because the prosecutor chose not to charge Carachuri-Rosendo as a "recidivist."  Nevertheless, under *Lopez v. Gonzales*, 549 U.S. 47 (2006), the second misdemeanor conviction was considered an "aggravated felony" under the INA because, hypothetically, the state prosecutor could have pursued an enhanced felony sentence on the second conviction.  In rejecting the Fifth Circuit's "hypothetical approach," *Carachuri-*

---

³ *Houston v. Lack*, 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.");  *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

*Rosendo*, 130 S. Ct. at 2589, held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted'" of an "aggravated felony" that would disqualify an alien from seeking discretionary cancellation of his removal.

*Simmons* extended *Carachuri-Rosendo*'s analysis under the INA to criminal sentencing under the Controlled Substances Act. *Simmons* is not binding outside of the Fourth Circuit and no other circuit court has adopted *Simmons*. As a consequence, *Simmons* affords Johnson no benefit.

Additionally, Johnson acquires no benefit directly from *Carachuri-Rosendo*. Johnson seeks relief on collateral review. Johnson cannot benefit from *Carachuri-Rosendo* because "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656 (2001). The Supreme Court has not said that *Carachuri-Rosendo* is retroactive.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Johnson and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Johnson is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

a COA.  Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Johnson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the petition is clearly time-barred, Johnson cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, Johnson is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Johnson must pay the full $455 appellate filing fee without installments unless the circuit court allows Johnson to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on July 26, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE